IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Treva Thompson, *et al.*,        ) | |
| )  | |
| Plaintiffs,        ) | |
| )  | Civil Action No. |
| v.        ) | 2:16-cv-783-WKW-CSC |
| )  | |
| John H. Merrill, in his official capacity        ) | |
| as Secretary of State, *et al.*,        ) | |
| )  | |
| Defendants.        ) | |

PROTECTIVE ORDER

The following provisions shall govern the production and use in this litigation of records, documents, and/or information produced by the parties and by third parties that may be protected by the State and/or federal privacy laws or privileges, or otherwise might intrude upon the privacy interests of individuals to whom such records, documents, and/or information pertain.

1. Confidential Information defined.

    a. Confidential Information means information in whatever form (including but not limited to documents and records, whether in written or electronic form, discovery responses and deposition testimony) that is produced in this litigation and (i) constitutes the home address, telephone number, date of birth, social security number or partial social security number, or drivers' license number of an individual; (ii) is a tax return; (iii) is a pardon application record; or (iv) is protected from disclosure pursuant to State or federal law protecting privacy and confidentiality.  The parties agree that provision (iv) includes Certificates of Eligibility to Register to Vote and Pardons. Alabama law provides that pardon files

1

  are privileged, with the exception of the Board Action Sheets. Ala. Code § 15-22-36(b). The CERVs and Pardons are kept in this file, and those copies are privileged. However, the Board also keeps a ledger with CERVs and a ledger with Pardons to be able to provide copies to the persons to whom they were issued. These documents concern more than 20,000 people who are not named Plaintiffs, and the Board does not routinely make these documents available to anyone other than the person to whom they were issued.

 b. Confidential Information includes not only the private and confidential information (or the sort described in paragraph a. *supra*) contained in source documents and databases, but also any document created in the course of this litigation that includes individualized private or confidential information produced pursuant to this PROTECTIVE ORDER

2. Confidential Information that is provided by a party (as opposed to made available for copying and inspection) shall be designated as follows:

 a. The designation of records, documents, and/or information shall be made by the designating party by affixing the label Confidential Information.

 b. All material containing Confidential Information that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by informing the receiving party in writing. This may be done by creating a field in Summation for Confidential Information and including that field in an Excel file

    c. With respect to deposition testimony, the designating party shall give prompt notice that it will seek the protections of this PROTECTIVE ORDER either at the deposition or within 21 days after receipt of the deposition transcript.

3. The parties agree that they shall designate as Confidential Information only such documents, electronically stored information, or other things that truly contain Confidential Information, as defined above, relating to an individual.

4. An inadvertent failure to designate qualified information or items does not waive the right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this PROTECTIVE ORDER.

5. Challenges to a designation of confidentiality should be brought in a reasonably timely manner. The challenging party shall initiate the meet and confer dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve any challenges in good faith. If the parties cannot resolve a challenge without court intervention, the records, documents, and/or information shall be treated as Confidential Information until the Court rules on the challenge.

6. All Confidential Information disclosed pursuant to this PROTECTIVE ORDER shall be used by the receiving party for the *sole* purpose of conducting this litigation, including on appeal.[1] Accordingly, except with the prior written consent of the party that designated the

---

[1] The "receiving party" language is intended to make clear that parties retain any pre-existing rights that they had to use the information they possess independent of this litigation.

records, documents, and/or information as confidential, Confidential Information may be disclosed by the receiving party only to the following:

    a. Counsel for parties who have appeared in the federal court proceedings, and persons employed in the offices of, and under the direct supervision of, such counsel; and,

    b. Experts employed by the parties in this litigation and their staff, but only to the extent necessary for their performance of their work in this litigation and only so long as they sign the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER.

7. It may be reasonably necessary for either party to disclose Confidential Information to a witness during oral testimony. In those circumstances, the disclosure may be made so long as the witness signs the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

8. Confidential Information may, of course, be disclosed to the Court and its personnel by either party. Should the Confidential Information be disclosed to a witness during oral testimony, then it may further be disclosed to the court reporter transcribing the testimony and to any associate of the court reporter necessary to the production of the transcript.

9. Anyone receiving or obtaining Confidential Information pursuant to this PROTECTIVE ORDER, including counsel for any receiving party, must maintain such Confidential Information in a manner designed to prevent disclosure to persons not authorized under this PROTECTIVE ORDER. To the extent that Confidential Information is kept or received in electronic form, any computer system on which the Confidential Information is stored must be secure, including requiring a password for access. Confidential Information shall not be copied or transferred to a laptop computer that lacks full disk encryption or to unencrypted portable media. The sole exception to the foregoing sentence is that Plaintiffs' counsel or individuals working with Plaintiffs' counsel with access to Confidential

4

Information pursuant to paragraphs 6(a) and 6(b) may use unencrypted laptop computers to access the Confidential Information *via* Campaign Legal Center's VPN (with two-factor authentication), Jenner & Block's remote desktop access (with two-factor authentication), or Jenner & Block's secure file transfer program, all so long as no confidential information is maintained on the unencrypted laptop after each use.

10. All Confidential Information filed with this Court, and any papers filed with this Court disclosing Confidential Information, shall be filed and kept under seal until further order of the Court.  Where possible, only confidential portions of filings with the Court shall be filed under seal.  To the extent all Confidential Information and any other individually identifiable information has been redacted from a document, it is not necessary to file the document under seal.

11. Nothing in this PROTECTIVE ORDER shall prevent any party (or any third party from whom Confidential Information is sought) from seeking additional protection or relief from this Court.

12. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons sign the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER.

13. This PROTECTIVE ORDER shall remain in full force and effect until modified, superseded or terminated by order of this Court, and thus will continue to be effective after the conclusion of this litigation.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Treva Thompson, *et al.*, )<br>)<br>    Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>John H. Merrill, in his official capacity )<br>as Secretary of State, *et al.*, )<br>)<br>    Defendants. ) | Civil Action No.<br>2:16-cv-783-WKW-CSC |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above captioned litigation, understands the terms thereof, and agrees to be bound by its terms. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Business Address: _____

_____

Date: _____

Signature: _____