IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Treva Thompson, *et al.*,           ) | |
| ) | |
|     Plaintiffs,           ) | |
| ) | |
| ) | Civil Action No. |
| v.           ) | 2:16-cv-783-ECM-GMB |
| ) | Class Action |
| John H. Merrill, in his official capacity    ) | |
| as Secretary of State, *et al.,*           ) | |
| ) | |
|     Defendants.           ) | |

**MOTION TO COMPEL PLAINTIFF JENNIFER ZIMMER TO ATTEND HER DEPOSITION**

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, the State of Alabama[1], Secretary of State John Merrill, Chairman of the Board of Pardons and Paroles Lyn Head, and Chair of the Montgomery County Board of Registrars Cindy Sahlie move to compel Plaintiff Jennifer Zimmer to attend her deposition, as follows:

1.  In March 2018, we notified Plaintiffs' counsel *via* email that we anticipated deposing the individual Plaintiffs (except for Giles and Corley[2]) and a Rule 30(b)(6) representative for Greater Birmingham Ministries in May 2018, and we asked for any suggestions Plaintiffs' counsel had as to the schedule. Exhibit 1 at 1. The same email included Requests for Production directed at the Plaintiffs we intended to depose. Exhibit 1 at 3-15.

---

[1] Judge Watkins dismissed all claims brought against the State of Alabama. Doc. 80. However, no order dismissed the State itself, and the docket continues to list the State as a defendant. Our pending motion to dismiss seeks dismissal of the State. Doc. 95 at 1.

[2] As the email states, we did not seek to depose Plaintiffs Giles and Corley because we expected them to be dismissed. Exhibit 1. The State Defendants' pending motion to dismiss seeks dismissal of these Plaintiffs on grounds that their claims are moot. Doc. 95 at 1-2.

1

2. Between May 2018 and September 2018, we deposed Plaintiffs King, Lanier, Gamble, and Thompson as well as a Rule 30(b)(6) representative for Greater Birmingham Ministries. We did not depose Plaintiff Yow because the parties jointly stipulated that he should be dismissed, doc. 107, though he has not yet been. That left Plaintiff Zimmer.

3. Plaintiffs' counsel never provided a suggested deposition date for Zimmer, and counsel subsequently acknowledged she had been unable to reach Zimmer.

4. On September 26, 2018, we noticed the deposition of Zimmer for December 5, 2018, which was then more than two months ago. Exhibit 2.

5. Plaintiff's counsel was not able to reach Zimmer to inform her of the deposition, and so Zimmer did not attend the December 2018 deposition. Exhibit 3 at 5-6.

6. Thereafter, we noticed the deposition of Zimmer for January 17, 2019. Exhibit 4.

7. In advance of that deposition date, we canceled the deposition based on Plaintiffs' counsel's representation that they had not been able to reach Zimmer to inform her of the January 2019 deposition. Exhibit 5 at 1-3.

8. Thereafter, we noticed the deposition of Zimmer for March 5, 2019. Exhibit 6. At the same time, we emailed Plaintiffs' counsel certain potential contact information that we had for Zimmer. Exhibit 7 at 3-4.

9. In advance of the March 2019 deposition date, we canceled the deposition based on Plaintiffs' counsel's representation that they had not been able to reach Zimmer to inform her of the deposition. Exhibit 7 at 1-2.

10. Zimmer has failed to attend her deposition on three different dates stretching from December 2018 to March 2019, with the earliest formal notice issued six months ago in late September 2018. Plaintiffs' counsel were originally put on notice a year ago that the State

Defendants wanted to depose Zimmer last Spring. Moreover, none of the documents we have received from Plaintiffs in response to the initial Requests for Production appear to be from Zimmer, and Plaintiffs moved for class certification in May 2018 without seeking to have Zimmer named as a class representative, doc. 106 at 5, 18. These facts suggest that Plaintiffs' counsel have not been able to reach Zimmer for about one year.

11. In pertinent part, Rule 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." Fed. R. Civ. P. 37(d)(1)(A)(i). The "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."[3] Fed. R. Civ. P. 37(d)(3).

12. "*No* prior court order is required for Rule 37(d) sanctions. Although courts frequently enter an order compelling discovery before entering sanctions, Rule 37(d) authorizes sanctions *without* violation of a prior court order. Dismissal is a proper sanction under Rule 37(d)

---

[3] The sanctions authorized by Rule 37(b)(2)(A)(i)-(vi) are:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part; [and,]
(vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

Additionally, Rule 37(d)(3) provides, in pertinent part that "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Defense counsel have not tracked their hours in preparing for the Zimmer deposition or in responding to Zimmer's failure to appear. We have, however, been invoiced $98.10 by the court reporter and $350 by the videographer, both for the December 2018 deposition which was not canceled in advance. Exhibits 8 & 9, respectively.

for serious or total failure to respond to discovery even without a prior order." *United States v. One Lot of Currency Totalling $506,537.00,* 628 F.Supp. 1473, 1476 (S.D. Fla. 1986) (internal quotation marks and citation omitted; emphasis in original).

13. Under the circumstances, which indicate that Zimmer herself is disregarding her litigation responsibilities by failing to maintain contact with her counsel, we believe dismissal is appropriate. However, all deadlines are currently continued, doc. 125, and thus the State Defendants have arguably not been prejudiced beyond the expenditure of time and resources in unsuccessfully seeking the deposition thus far. Accordingly, we move at this time only for an order compelling Zimmer to sit for her deposition within 45 days of the court order or face dismissal for both her repeated failure to attend her deposition and her apparent failure to prosecute her case within the meaning of Rule 41(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Steve Marshall
  *Attorney General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

s/ Misty S. Fairbanks Messick
Winfield J. Sinclair (ASB-1750-S81W)
Misty S. Fairbanks Messick (ASB-1813-T71F)
Laura E. Howell (ASB-0551-A41H)
Brad Chynoweth (ASB-0030-S63K)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
telephone:    334.353.8674
facsimile:    334.353.8440
jimdavis@ago.state.al.us
wsinclair@ago.state.al.us
mmessick@ago.state.al.us
lhowell@ago.state.al.us
bchynoweth@ago.state.al.us

*Counsel for the State Defendants*

### CERTIFICATE OF SERVICE

    I hereby certify that, on April 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Danielle Lang (dlang@campaignlegalcenter.org); James U. Blacksher (jblacksher@ns.sympatico.ca); Jessica Ring Amunson (jamunson@jenner.com); J. Gerald Herbert (gherbert@campaignlegalcenter.org); J. Mitch McGuire (jmcguire@mandabusinesslaw.com); Mark P. Gaber (mgaber@campaignlegalcenter.org); Michael E. Stewart (mstewart@jenner.com); Jason P. Hipp (jhipp@jenner.com); Jennifer J. Yun (jyun@jenner.com); Christopher W. Weller (cww@chlaw.com); and, Marc James Ayers (mayers@bradley.com).

                                        s/ Misty S. Fairbanks Messick
                                          Of Counsel