IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TREVA THOMPSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-783-ECM |
| | ) [WO] |
| JOHN H. MERRILL, *etc.*, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion for class certification (doc. 106), filed by the Plaintiffs on May 10, 2018.

## I. INTRODUCTION

The Plaintiffs filed a class action complaint for declaratory and injunctive relief on September 26, 2016 (doc. 1), and a supplemental, amended complaint on March 1, 2018. (Doc. 93). After rulings on motions to dismiss, the case is proceeding on several claims, and the Plaintiffs have sought class certification as to some of those claims. Specifically, Plaintiffs Darius Gamble ("Gamble"), Treva Thompson ("Thompson"), Timothy Lanier ("Lanier"), and Pamela King ("King") seek to represent a class pursuant to counts 1, 2, and 12 of the complaint as follows:

> All persons otherwise eligible to register to vote in Alabama who are now, or who may in the future be, denied the right to vote pursuant to Section 177(b) because of conviction for a felony "involving moral turpitude" as defined by section (c) of Alabama Code Section 17-3-30.1.

(Doc. 106 at 7). Named Plaintiffs Gamble, Thompson, Lanier, and King also seek to represent a subclass relevant to the *Ex Post Facto* claim in count 11 and the Due Process claims in counts 16 and 17 as follows:

> All persons otherwise eligible to register to vote in Alabama who were convicted of a felony "involving moral turpitude" as defined by section (c) of Alabama Code Section 17-3-30.1 before August 1, 2017 but are unable to register to vote pursuant to Defendant Merrill's retroactive implementation of Alabama Code Section 17-3-30-1 to individuals with prior convictions.

(Doc. 106 at 7). Named Plaintiffs Gamble and Thompson seek to represent a Legal Financial Obligation ("LFO") subclass to pursue the claim in count 13 as follows:

> All persons otherwise eligible to register to vote in Alabama who (1) are now, or who may in the future be, denied the right to vote pursuant to Section 177(b) because of a conviction for a felony "involving moral turpitude" as defined by section (c) of Alabama Code Section 17-3-30.1; and (2) are unable to pay their fines, fees, and/or restitution due to their socioeconomic status; but (3) are otherwise eligible to apply for a CERV.

(Doc. 106 at 7-8). The Plaintiffs seek certification of the class and subclasses pursuant to FED.R.CIV.P. 23(a) and (b)(2).

For reasons to be discussed, the motion for class certification is due to be DENIED.

## II. STANDARD OF REVIEW

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *see also Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016) ("All else being equal, the presumption is against class certification

because class actions are an exception to our constitutional tradition of individual litigation."). The burden is one of proof, not pleading. *Brown*, 817 F.3d at 1233. Although this rigorous analysis frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), "the district court can consider the merits 'only' to the extent 'they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied,'" *Brown*, 817 F.3d at 1234.

Class certification is governed by FED.R.CIV.P. 23. Under Rule 23(a), the party seeking certification must demonstrate that the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class.

The proposed class also must satisfy at least one of the three requirements listed in Rule 23(b). In this case, the Plaintiffs rely on Rule 23(b)(2), which applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. A "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc.,* 564 U.S. at 348–49 (quotation omitted).

### III. DISCUSSION

As set forth above, to prevail on a motion seeking class certification, the Plaintiffs must demonstrate that the putative class satisfies Rule 23(a)'s four prerequisites of

3

numerosity, commonality, typicality, and adequacy and also satisfies a subpart of Rule 23(b). *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016). The Defendants do not contest numerosity. (Doc. 113 at 16). The Defendants do contest commonality, but only as to count 12 (doc. 113 at 16) and typicality, but only as to counts 11, 16, and 17, (doc. 113 at 17). The Defendants also contest adequacy as to all counts. The Defendants' primary objections to certification, however, are based on ascertainability and necessity within the context of Rule 23(b)(2). Therefore, the Court turns to those arguments.

    A. Ascertainability

The Defendants have argued that the proposed class and subclasses should not be certified because the members of the class and subclasses are not identifiable. The Plaintiffs respond that there is no ascertainability requirement when certification of a Rule 23(b)(2) class is sought, and even if there were, the classes are ascertainable.

In *Braggs v. Dunn*, 317 F.R.D. 634, 671 (M.D. Ala. 2016) (Thompson, J.), another judge of this district reasoned that ascertainability is a requirement of a Rule 23(b)(3) damages class, not a Rule 23(b)(2) injunctive relief class. The court examined the reasoning in decisions from the Third Circuit, the First Circuit, and the Tenth Circuit, as well as the Advisory Notes to Rule 23, and concluded that the class proposed for Rule 23(b)(2) certification did not have to be ascertainable. *Id.* at 673.

Some courts have noted that *DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir. 1970),[1] required ascertainability for a Rule 23(b)(2) certification, and have felt constrained to follow, or distinguish, that precedent. *See, e.g., O'Donnell v. Harris Cty., Tex*., 2017 WL 1542457 (S.D. Tex. 2017). It appears to this Court, however, that binding authority holds that ascertainability does not apply to a Rule (b)(2) class. In *Carpenter v. Davis*, 424 F.2d 257 (5th Cir. 1970), a case cited by the Plaintiffs in this case, the Fifth Circuit explained that it is not necessary that members of the class be so clearly identified that any member can be presently ascertained under Rule 23(b)(2), relying on the Advisory Committee Notes to the rule, and citing to previous Fifth Circuit cases. *Id.* at 260.

In the Eleventh Circuit, if there is a conflict between two panel decisions, the earlier panel decision controls. *See In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (stating "under this Court's prior-panel-precedent rule, 'a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.'"). *Carpenter*, decided in April 1970, pre-dates *DeBremaecker,* decided in November 1970. Therefore, this Court finds that there is no ascertainability requirement which poses a bar to certification of a Rule 23(b)(2) class in this case. *See Braggs v. Dunn*, 317 F.R.D. at 67.

B. Rule 23(b) and Necessity

The Plaintiffs request certification of the class and subclasses under Rule 23(b)(2). Pursuant to that sub-part of Rule 23, a class action may be maintained if "the party opposing

---

[1] Fifth Circuit decisions prior to October 1, 1981 are binding on this Court. *Bonner v. City of Prichard,* 6661 F.2d 1206, 1207 (11th Cir. 1981).

the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED.R.CIV.P. 23(b)(2). The Plaintiffs contend that this case is the type of civil rights litigation that the rule was designed to foster because there are no differences among the class and subclass members, so injunctive and declaratory relief are appropriate for the class as a whole.

The Defendants' first objection to certification under Rule 23(b)(2) is that the injunctive relief the Plaintiffs seek cannot be awarded against the Defendants who have been named in this lawsuit. The Defendants then argue that although declaratory relief can be awarded, that relief is available without the need for certification as a class.

The Defendants cite to *M.R. v. Board of School Commissioners of Mobile County*, 286 F.R.D. 510, 517 (S.D. Ala. 2012), and argue that there is a necessity requirement for a class action which is not met in this case. The *M.R.* court reasoned that "the clear majority rule is that 'need' is a proper consideration (even if not technically a "requirement" for class certification), and that class certification may be properly denied where a class is unnecessary to obtain the full measure of relief sought, such that it is not appropriate to bog down the litigation with the expense, delay, complexity and burden of class certification when there is no corresponding benefit to implementation of the resulting judgment." *Id.* at 519. The *M.R.* court acknowledged, however, that the "Eleventh Circuit has never expressly stated whether it recognizes a necessity requirement in the Rule 23(b)(2) analysis." *Id.* at 519.

The Plaintiffs contend that the more modern view of Rule 23(b)(2) is that it includes no separate necessity argument, citing to non-binding cases and authorities which have declined to adopt that requirement.

There appears to be a split among jurisdictions on the necessity issue. *See Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 310 (3rd Cir. 2016) (collecting cases). Courts which have considered whether class certification is appropriate based on the necessity of class action relief have reasoned that "there may be circumstances where class certification is not appropriate because in view of the declaratory or injunctive relief ordered on an individual basis, there would be no meaningful additional benefit to prospective class members in ordering classwide relief." *Id.; see also M.R.*, 286 F.R.D. at 519. Courts have held that necessity cannot be considered a separate requirement, but is a consideration within Rule 23(b)(2) of the appropriateness of the relief. *Id.*; *Dionne v. Bouley*, 757 F.2d 1344, 1356 (1st Cir. 1985).

In the Third Circuit, where necessity is not a freestanding requirement, courts are directed to rigorously analyze the appropriateness of Rule 23(b)(2) relief in terms of, among other things, (1) the nature of the claims and of the parties; (2) the relief available to an individual plaintiff and the extent to which that relief would benefit putative class members; (3) the strength of the evidence that a defendant will abide by a court's ruling on an individual plaintiff's claim with respect to others who are similarly situated; (4) the ease with which putative class members would be able to vindicate their rights following a defendant's noncompliance; and (5) whether there are other circumstances, such as

7

impending mootness of the individual claims, that nonetheless render classwide relief "appropriate." *Warden Monmouth Cty. Corr. Inst.*, 838 F.3d at 312.

The Plaintiffs argue in this case that even if the Court were to consider necessity of relief, the substantial risk of mootness requires class certification. The Plaintiffs do not point to any reason for the need for certification other than potential mootness. In support of their position, the Plaintiffs point out that some previously named Plaintiffs have already been dismissed as parties because their claims have been mooted by receipt of a Certificate of Eligibility to Register to Vote (CERV). (Doc. 114 at 15). The Plaintiffs also argue that actions such as receipt of a pardon, receipt of a CERV, remission of outstanding fines, an unexpected change in the ability to pay, or a move out of state may moot a Plaintiff's claim.

This case does not involve a single Plaintiff, but instead involves multiple Plaintiffs, four of whom have been designated as putative class representatives in the motion for class certification. In evaluating the Plaintiffs' mootness argument, the Court has examined the claims of those named putative class representatives as alleged in the Plaintiffs' pleadings. The amended complaint alleges that Gamble meets the requirements for a CERV except that he owes $63,073.30 and is not able to pay his fines at any time in the "foreseeable future." (Doc. 93 at 7). The Plaintiffs allege that Thompson was removed from the voter registration list even though her crime of conviction does not appear as a disqualifying felony, and that she meets the requirements of the CERV, except that she owes $40,000 in legal financial obligations that she will not be able to pay at any time in the foreseeable future. (Doc. 1 at 10). The complaint alleges that Pamela King is not eligible to apply to restore her voting rights, but had been registered to vote in Montgomery County and wishes

8

to vote in future elections. Plaintiff Timothy Lanier is alleged to have been convicted of several felonies which he is unsure are disqualifying. (Doc. 1 at 14).

Under the facts alleged, the Court cannot conclude that there is a basis for finding that there is a substantial threat of mootness to any of the named Plaintiffs' claims. *See Pederson v. Louisiana State Univ.*, 213 F.3d 858, 867 & n.8 (5th Cir. 2000) (stating "the substantial risk of mootness here created a necessity for class certification in this case."); *Ruiz v. Robinson*, 2012 WL 3278644, at *3 (S.D. Fla. 2012) (examining evidence presented and stating "[t]his Court does not find an imminent threat of mootness which would require this case to be certified as a class action in order to protect putative class members' interests."). The financial obligations required for receiving a CERV are alleged in the complaint and amended complaint as being too great to be paid off in the foreseeable future, so there is no reason to conclude that those Plaintiffs will receive a CERV during the pendency of this case. The case has been pending on motions to dismiss for several months without any of the other actions identified by the Plaintiffs occurring, and there is no evidence presented or allegations of fact from which to conclude that there is a substantial threat that any Plaintiff will be pardoned or move from the state during the remainder of these proceedings or any appeal.

In *M.R.*, the court explained that the plaintiffs identified no other reasons that might warrant class-based relief in this case and that "proceeding as a class action would yield inefficiencies and complexities that would needlessly burden litigant and judicial resources alike, all for the sake of obtaining a class injunction that would be identical in scope, breadth and effect to an individual injunction awarded in favor of the individual plaintiffs

9

alone." *Id.* at 521. This Court is persuaded that the same reasoning applies in this particular case. To the extent that the Court has facts before it which are pertinent to the factors considered in the evaluation of appropriateness, *see Warden Monmouth Cty. Corr. Inst.*, 838 F.3d at 312, this Court concludes that those factors weigh in favor of a finding that injunctive and/or declaratory relief has not been shown by the Plaintiffs to be appropriate relief respecting the class as a whole under Rule 23(b)(2).

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion for Class Certification (doc. 106) is DENIED.

2. The Motion for Status Conference (doc. 165) is DENIED as moot, the Court having ruled on the pending motions.

Done this 24th day of January, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE