IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TREVA THOMPSON, *et al.*, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:16-cv-783-ECM |
| | ) | (wo) |
| JOHN H. MERRILL, *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

**MEMORANUM OPINION AND ORDER**

Now pending before the Court are the Plaintiffs' Objections to the Magistrate Judge's Ruling on a Motion Compel, filed on April 13, 2020. (Doc. 205).

The Plaintiffs moved to compel the production of documents from the Alabama Board of Pardons and Paroles that relate to applications for a Certificate of Eligibility to Register to Vote (CERV) and pardon applications. The motion was opposed by the Chair of the Alabama Board of Pardon and Paroles, a Defendant in this case ("the Defendant").

The Magistrate Judge denied the motion. The Plaintiffs filed objections to the Magistrate Judge's decision and the Defendant has filed a response to the objections.

Upon consideration of the Plaintiffs' objections and response thereto, for reasons to be discussed, the objections are due to be OVERRULED.

## I.     STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636 require clearly erroneous or contrary-to-law review of a Magistrate Judge's orders on non-dispositive matters. *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir.

2020).  A routine pretrial discovery motion is a non-dispositive motion.  *Id.*  Under Rule 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant and proportional to the needs of the case.  FED.R.CIV.P. 26(b)(1).

## II. DISCUSSION

The Plaintiffs object to the Order of the Magistrate Judge, arguing that although the Magistrate Judge correctly rejected the Defendant's invocation of a state-law pardon and parole record privilege, the Order denying the motion to compel wrongly concluded that the discovery sought was not proportional because class certification had been denied in this case.  In response, the Defendant explains that she has not objected to the Magistrate Judge's ruling that the state-law pardon and parole record privilege does not apply because the Magistrate Judge correctly determined that the Plaintiffs' discovery request is disproportionate.

The Eleventh Circuit has not held in a published opinion that Alabama pardon and parole records are privileged in an original jurisdiction, federal case, but it has indicated in unpublished opinions that the Alabama and Georgia pardon and parole records privileges may have some applicability.  In *Ellison v. Alabama Bd. of Pardons & Paroles*, 2017 WL 6947946, at *4 (11th Cir. 2017), the Eleventh Circuit held that the district court did not abuse its discretion in denying discovery requests, reasoning that under Ala. Code § 15–22–36(b), because the plaintiff "sought parole files relating to the denial of parole, the files that he sought—including his own—were statutorily privileged, and the district court did not err in denying his motion to compel discovery of that information."  Similarly, in

*McGoy v. Ray*, 164 F. App'x 876, 878 (11th Cir. 2006), the court reasoned that the burden created by discovery was quite great since parole records in Georgia are confidential and, therefore, held that "the district court did not abuse its discretion when it found the facts before it did not rise to the level necessary to overcome the state's interest in maintaining the confidentiality of their parole records." Therefore, while it appears that it is not contrary to law to conclude that an absolute privilege does not apply in this case, the Eleventh Circuit appears to indicate that a qualified privilege could be considered. This Court, therefore, turns to the issue of whether the Plaintiffs sufficiently demonstrated that their interests overcome the State's interest in the confidentiality of its records. *See id.*

In conducting proportionality analysis, the Magistrate Judge reasoned that because class certification was denied, the two individual plaintiffs had not shown how the files of every CERV applicant in the State of Alabama were relevant to their claims. (Doc. 200 at 4). The Magistrate Judge found that the discovery requests were overburdensome and that the named, individual plaintiffs could only seek documents from their own files. (*Id.*)

As noted, Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant and proportional to the needs of the case. Courts are to consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED.R.CIV.P. 26 (b)(1).

Upon consideration of these factors, the Court finds that the Magistrate Judge's conclusion that the sweeping request for production of every CERV applicant's file is disproportionate to the needs of the Plaintiffs in this case because the denial of class certification undermines the relevance of the information to the Plaintiffs' claims, is neither clearly erroneous nor contrary to law. The Plaintiffs' objections with regard to discovery as to every CERV applicant's file, therefore, are due to be OVERRULED.

As to the request for discovery of pardon applicants, the Plaintiffs object to the Magistrate Judge's decision, arguing that the evidence is relevant despite the denial of class certification. The Plaintiffs point out that they have claimed that it is unconstitutional for people who have outstanding legal financial obligations to be denied a CERV on that basis and that a defense to that claim in this case is that people in Alabama can apply for a pardon even if they are not eligible for a CERV. The Plaintiffs contend, however, that the State actually has a practice of denying pardons for failing to pay financial obligations, and, therefore, the information they seek is relevant and discoverable to prove that practice. (Doc. 205 at 6-7).

While the fact that class certification was denied does not completely undermine the relevance identified by the Plaintiffs, in light of the Eleventh Circuit's decision in *Jones v. Governor of Fla.*, 950 F.3d 795 (11th Cir. 2020), the Court must conclude that the Plaintiffs' discovery request is disproportionate to the needs of the Plaintiffs in this case.

In *Jones*, the Eleventh Circuit examined clemency as an alternative to voting rights restoral in the context of a challenge to a law which required payment of legal financial

4

obligations. 950 F.3d at 826.  The court reasoned that no member of the clemency board is required to grant rights restoration, so the court "could hardly call pursuing a discretionary grant that at best will take years to receive, if received at all, a suitable alternative" avenue to regaining access to the ballot. *Id.*  Because the pardon alternative identified by the Plaintiffs is similar to the clemency alternative the Eleventh Circuit dismissed as a viable alternative in *Jones*, the broad discovery sought to defeat the State's reliance on the pardon alternative is disproportionate to the Plaintiffs' interests in this case. The Plaintiffs' objections with regard to discovery as to every pardon applicant's file, therefore, are due to be OVERRULED.

### III.    CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Objections (doc. 205) are OVERRULED.

DONE this 26th day of June, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE