IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TREVA THOMPSON, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:16-cv-783-ECM |
| | ) | (wo) |
| JOHN H. MERRILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the court is a Motion for Preliminary Injunction filed by the Plaintiffs

on May 27, 2020.  (Doc. 215).  The Plaintiffs seek a preliminary injunction only as to count

13 of their complaint (doc. 1) and supplemental complaint (doc. 93).[1]

After careful consideration of the parties' submissions and the applicable law, for

reasons to be discussed below, the motion for preliminary injunction is due to be DENIED.

## I.    JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims at issue pursuant to 28

U.S.C. § 1331.  The parties do not contest personal jurisdiction or venue, and the court

finds adequate allegations to support both.

---

[1] The Plaintiffs did not file an amended complaint complete unto itself, but instead filed a
supplemental complaint which added parties, facts which supplemented fact in claims in the
original complaint, and new facts and claims. (Doc. 93).

## II.    PROCEDURAL HISTORY AND FACTS

The procedural history and facts relevant to the preliminary injunction motion are as follows:

Alabama state law prohibits persons convicted of various felonies from voting until restoration of civil and political rights. Ala. Const. art VIII.  Individuals with certain disqualifying felony convictions can have their voting rights restored through a Certificate of Eligibility to Register to Vote ("CERV"), issued by the Alabama Board of Pardons and Paroles ("the Board").  The Board must grant a CERV if a person has (1) lost his or her right to vote by reason of conviction in a state or federal court for a crime other than those listed in a separate section, (2) no pending felony charges, (3) paid all fines, court costs, fees, and victim restitution ordered by the sentencing court at the time of sentencing on disqualifying cases, and (4) been released upon completion of sentence, pardoned, or successfully completed probation or parole. Ala. Code §15-22-36.1.

The original Plaintiffs initially filed this lawsuit on September 26, 2016. (Doc. 1). The complaint brought a claim in count 13 on behalf of various plaintiffs, including movant Treva Thompson ("Thompson"), challenging the denial of a CERV to those who are unable to pay legal financial obligations (LFOs).  (Doc. 1 at 53).  In the original complaint, the Plaintiffs alleged that Thompson owes over $40,000 in LFOs that she is not financially able to pay in full at this time or anytime in the foreseeable future, and her inability to pay these fines makes her ineligible for a CERV that would restore her voting rights.  (Doc. 1 at 10).  The complaint alleges that Thompson "wishes to vote in the 2016 and future elections." (*Id.*)  In support of the motion for preliminary injunction, the Plaintiffs have

presented evidence that Thompson cannot pay the $40,000 she owes in LFOs. (Doc. 215 at 7).

On June 30, 2017, the then-Plaintiffs, including Thompson, filed a motion for preliminary injunction.  (Doc. 56).  The requested preliminary injunction was for relief based on counts 6-10 of the Complaint.  (Doc. 56 at 17).  There was no request for preliminary injunction with regard to count 13 at that time.  The motion was denied on July 28, 2017. (Doc. 72).

On March 1, 2018, the Plaintiffs filed a supplemental complaint.  (Doc. 93). The supplemental complaint, among other things, added movant Darius Gamble ("Gamble") as a Plaintiff and added Plaintiff Greater Birmingham Ministries ("GBM") to count 13.  (Doc. 93 at 15).  The supplemental complaint alleges that Gamble owes $63,073.30 in LFOs which is he not financially able to pay, and that he "wishes to vote in the 2018 and future elections." (Doc. 93 at 7).  In the motion for preliminary injunction, Gamble has provided evidence that he owes and cannot pay $30,000 in LFOs. (Doc. 215 at 9).

On January 24, 2020, this Court entered an Amended Scheduling Order which set deadlines for discovery on July 20, 2020 and for dispositive motions on August 19, 2020. Trial of the case is set for the February 1, 2021 trial term.  (Doc. 195).

In their May 27, 2020 motion, the Plaintiffs seek a preliminary injunction on their claim in count 13 of the complaint and supplemental complaint on the basis that Thompson and Gamble cannot pay their LFOs in full before the upcoming municipal election on August 25, 2020 and general election on November 3, 2020.  (Doc. 215 at 18).  They

contend that under *Jones v. Governor of Florida*, 950 F.3d 795 (11th Cir. 2020), they are likely to succeed on the merits of their claim.

### III.    STANDARD OF REVIEW

A district court may grant injunctive relief if the plaintiff establishes (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the moving party; and (4) if issued, the injunction would not be adverse to the public interest.  *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005).  Additionally, the injury must be "neither remote nor speculative, but actual and imminent."  *Northeast Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla*., 896 F.2d 1283, 1285 (11th Cir. 1990).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion.'" *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

As long as the notice requirement of Rule 65 of the Federal Rules of Civil Procedure is met, and the material facts are not in dispute, or the disputed facts are not material to the preliminary injunction sought, a district court need not conduct an evidentiary hearing on the motion. *Id.* at 1313.[2]

---

[2] In this case, the Court finds that there is appropriate notice and that there are no material facts in dispute for which an evidentiary hearing would be required.

## IV.   DISCUSSION

At the outset, the Court notes that it rejects any argument by the Defendant that the Plaintiffs cannot establish a likelihood of success on the merits because *Jones v. Governor of Florida*, 950 F.3d 795 (11th Cir. 2020), was wrongly decided.  *Jones* is binding law in this circuit.  *See, e.g., United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).  The Court, however, pretermits any further discussion of whether the Plaintiffs can establish a likelihood of success on the merits under *Jones* because, for reasons to be discussed, the Court concludes that the Plaintiffs have failed to demonstrate that they will suffer imminent, irreparable harm if the Court does not grant the preliminary injunction before trial on the merits.  *See Lake Martin Realty, Inc. v. Lake Martin Real Estate Co., LLC*, 2019 WL 1938802, at *2 (M.D. Ala. 2019).

It is certainly the case that in *Jones,* the court upheld a finding of irreparable harm. 950 F.3d at 828.  *Jones,* however, is distinguishable from this case because of the substantially dissimilar timing of the filing of the motions for preliminary injunction.

In *Jones*, a state law requiring payment of LFOs to obtain re-enfranchisement was passed in May 2019.  950 F.3d at 803.  Plaintiff Jones filed his lawsuit on June 28, 2019, the case was consolidated with other cases two days later, and the plaintiffs jointly moved for preliminary injunction in August 2019.  *Id.* at 804.  In this case, Thompson brought count 13 on September 26, 2016, and GMB and Gamble brought count 13 on March 1, 2018, but no motion for preliminary injunction was filed as to those claims at or near the time that the complaints were filed.  The Plaintiffs did not file the motion for preliminary

injunction as to count 13 until May 27, 2020, more than three and a half years after the initial complaint and more than two years after the supplemental complaint.

The substantial length of time between the filings of the initial and supplemental complaint and the filing of the motion for preliminary injunction in this case, and the short length of time between the filings in *Jones,* is a significant distinction because irreparable harm must be "imminent," irreparable harm. *See Northeast Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla*., 896 F.2d 1283, 1285 (11th Cir. 1990). "Imminent" harm includes a consideration of whether the Plaintiffs acted sufficiently quickly to obtain relief. *See Wreal, LLC v. Amazon.com, Inc.,* 840 F.3d 1244, 1248 (11th Cir. 2016). "Indeed, the very idea of a *preliminary* injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits." *Id.* at 1248–49 (emphasis in original).

In analyzing whether there is imminent, irreparable harm in this case, the Court finds that the factual basis for distinguishing *Jones*—the extended period of time between filing the complaints and the motion for preliminary injunction—is also fatal to a finding of irreparable harm. *See Wreal,* 840 F.3d 1249.  In *Wreal*, the court upheld a finding of no irreparable harm where the motion was filed five months after the complaint.  *Id.* at 1248. The court noted that the preliminary injunction motion relied on evidence that was available to the plaintiff at the time it filed its complaint. *Id.* at 1248-49.  In this case, the preliminary injunction motion relies on facts supporting Thompson, GBM, and Gamble's claims in count 13 which were known to the Plaintiffs at the time their claims were first filed.  Thompson pleaded in her complaint in 2016 that she could not afford to pay $40,000

6

in LFOs, which is the amount she identifies in her motion for preliminary injunction, and Gamble alleged in 2018 and provides evidence now that he is unable to pay his LFOs. (Doc. 1 at 10, Doc. 93 at 7, & Doc. 215 at 7-8).  Therefore, because the instant motion for preliminary injunction was filed not just months, but years, after the factual basis of the Plaintiffs' claims were known to them, the Plaintiffs have not shown they will suffer imminent, irreparable harm.  *See Powers v. Nielsen*, 806 F. App'x 958, 959 (11th Cir. 2020) (stating "the almost one-year delay between filing the suit and filing her motion for a preliminary injunction belie[s] the notion that irreparable injury would be suffered unless the injunction is issued.").

Further undermining a showing of imminent, irreparable harm is the fact that not only did the Plaintiffs not file the motion for preliminary injunction at the time the claims in count 13 were filed, count 13 was not included in a motion for preliminary injunction filed on June 30, 2017.  (Doc. 56).  The Plaintiffs offer no explanation for why they consider the harm resulting from the violation of law pleaded by Thompson in count 13 as imminent and irreparable now, but did not in 2017.[3]  Furthermore, Thompson alleged a desire to vote in the 2016 and future elections and Gamble alleged a desire to vote in the 2018 and future elections (doc. 1 & doc. 93), but no preliminary injunction was sought on count 13 near the time of the 2016 or 2018 elections.  The Plaintiffs' filing now, after a

---

[3] Even if the Plaintiffs had taken that position, it is not clear they would have prevailed because the 2017 motion was denied in part because the delay in its filing undermined finding of irreparable harm. *See Thompson v. Alabama*, 2017 WL 3223915, at *11 (M.D. Ala. 2017).

lack of action at those earlier points in time, can hardly be considered acting with "speed or urgency." *Wreal,* 840 F.3d at 1248.

It appears that the Plaintiffs have relied on *Jones* as the reason for the filing of their motion, rather than facts. The Eleventh Circuit's decision, however, applied existing precedent, and the court did not purportedly decide an issue of first impression. *Jones*, 980 F.3d at 817-20 (applying heightened scrutiny based on existing precedent).  Furthermore, the district court's decision in *Jones,* decided in October 2019, gave Plaintiffs notice of the analysis of the wealth discrimination claim.  *See Jones v. DeSantis*, 410 F. Supp. 3d 1284 (N.D. Fla. 2019).  This Court cannot find, therefore, that the Plaintiffs have shown the urgency required for a finding of imminent, irreparable harm by waiting to file their motion for more than six months after the district court's decision in *Jones*.  *Wreal*, 840 F.3d at 1248.

Even if the date on which *Jones* was decided by the Eleventh Circuit is the relevant point for analysis, the *Jones* opinion was issued on February 19, 2020, and the Plaintiffs inexplicably delayed filing their motion for preliminary injunction for over three months, until May 27, 2020.  The Plaintiffs have failed to show imminent, irreparable injury.  *See Wreal*, 840 F.3d at 1248; *see also Thompson*, 2017 WL 3223915, at *11 (finding that "Plaintiffs have known since April 18, 2017, when Governor Kay Ivey signed a proclamation, of the dates for the special election for the United States Senate seat in Alabama. Yet, Plaintiffs delayed filing a preliminary injunction motion until nearly two-and-a-half months later on June 30, 2017).

The Defendant also opposes preliminary relief on a slightly different timing basis. She points out that the voter registration deadline for the August 25, 2020 municipal election is August 11, 2020 and the deadline for the November 3, 2020 general election is October 19, 2020.  The Defendant argues that there is insufficient time for her to implement a new process of evaluating CERVs if this Court were to grant relief, especially if the relief entered would not be limited to the individual Plaintiffs, but would require a process to be implemented for all potentially eligible CERV applicants.

The Court agrees that the time remaining between any relief ordered by this Court and the registration deadlines for the elections identified by the Plaintiffs has not been shown to be sufficient to allow the Plaintiffs to vote in the August and November elections, even if the Court were to enter injunctive relief.  *See Jones*, 950 F.3d at 805 (noting that the district court stayed its order while on appeal as to the second part of a two-part order which enjoined the defendants from preventing the plaintiffs from registering to vote if they assert inability to pay and enjoined them from preventing the plaintiffs from voting if they could establish that they are unable to pay).  Therefore, the uncertainty of the Plaintiffs' ability to obtain relief, which arises from their own late filing of the motion, also undermines a finding of imminent, irreparable harm.  *See Thompson*, 2017 WL 3223915, at *11 (stating "with a July 31 voter registration deadline for the special primary election looming and given the multitude of steps that the State must take to get ready for the election, the delay nevertheless cuts against the premise that these HB 282 voters needed urgent action to protect their rights."); *cf. Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) (finding no showing of irreparable harm because even if manual recounts were to

resume pursuant to a discretionary state court order, "it is wholly speculative as to whether the results of those recounts may eventually place Vice President Gore ahead.").

## V. CONCLUSION

For the reasons discussed, this Court concludes that due to the timing of the filing of the motion for preliminary injunction, the Plaintiffs have "failed to demonstrate an imminent injury that would warrant the 'extraordinary and drastic remedy' of a preliminary injunction" before trial on the merits. *Wreal, LLC*, 840 F.3d at 1249 (citations omitted).

Accordingly, the motion for preliminary injunction is due to be and is hereby ORDER DENIED.

DONE this 29th day of June, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE