IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Treva Thompson, Timothy Lanier, | ) | |
| Pamela King, Darius Gamble, | ) | |
| and Greater Birmingham Ministries, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:16-cv-783-ECM-SMD |
| | ) | |
| John H. Merrill, in his official capacity | ) | |
| as Secretary of State, James Snipes, III, in | ) | |
| his official capacity as Chair of the | ) | |
| Montgomery County Board of Registrars, | ) | |
| and Leigh Gwathney, in her official | ) | |
| capacity as Chair of the Board of Pardons | ) | |
| and Paroles, | ) | |
| | ) | |
| Defendants. | ) | |

**EMERGENCY MOTION FOR PROTECTIVE ORDER CONCERNING PLAINTIFFS'
RULE 30(b)(6) NOTICE OF DEPOSITION TO THE SECRETARY OF STATE**

Alabama is holding federal, State, and county elections next Tuesday, July 14, 2020, and discovery closes the following Monday, July 20, 2020. Nonetheless, last week, after more than two years of discovery, Plaintiffs noticed a Fed. R. Civ. P. 30(b)(6) deposition of Secretary of State John H. Merrill for next week. Pursuant to Fed. R. Civ. P. 26(c)(1), Secretary Merrill respectfully moves for a protective order to prevent the Plaintiffs from taking the deposition of his Fed. R. Civ. P. 30(b)(6) designee. Plaintiffs have noticed the deposition with too little time to comply under the best of circumstances, and they have done it in the middle of an election. Moreover, some of the designated topics are objectional, and Plaintiffs had reason to know this before they belatedly noticed the deposition. Under the circumstances, the Court should enter a protective order preventing the deposition from going forward. Fed. R. Civ. P. 26(c)(1)(A). In the alternative, the

Court should limit the topics, impose restrictions and time limitations on the deposition, and alter the Uniform Scheduling Order to let only this one deposition proceed after discovery has closed. Fed. R. Civ. P. 26(c)(1)(B) & (D).

The Secretary certifies that he has conferred with the Plaintiffs in good faith in an effort to resolve the dispute without Court action, but the parties were unable to reach an agreement. *See* Fed. R. Civ. P. 26(c)(1).

***Because the Secretary's Fed. R. Civ. P. 30(b)(6) deposition has been noticed for next week and because a deponent has an obligation to prepare for such a deposition, Secretary Merrill respectfully requests an immediate ruling.***

## I.    Background

After Judge Watkins ruled on the State Defendants' motion to dismiss in December 2017, doc. 80, the parties held their planning meeting, *see* doc. 87, and a Uniform Scheduling Order was entered, doc. 88.  Discovery has been open since early 2018, and thus has extended for more than two years.  During that time, the State Defendants deposed the Plaintiffs, and the Plaintiffs took several depositions, though none since August 2019, ten months ago.  **Exhibit A.**  Extensive written discovery has also been conducted.

After Chief Judge Marks ruled on the State Defendant's renewed motion to dismiss in December 2019, doc. 179-1, and on the motion for class certification, doc. 194, she entered an Amended Uniform Scheduling Order, doc. 195.  Pursuant to that Order, discovery cuts off on July 20, 2020.  Doc. 195 at § 7.  The expert witness disclosures run right up to the end of discovery with the Plaintiffs submitting their rebuttal reports on July 16, 2020—the Thursday before the Monday discovery cutoff, doc. 195 at §§ 7 & 8.  Six expert depositions are already scheduled starting this week and running through the end of discovery.  Specifically, the Plaintiffs are

deposing the State Defendants' experts David T. Beito, Ph.D., Karen L. Owen, Ph.D. and Quentin Kidd, Ph.D., on July 9, 10, and 14, 2020 respectively.   The State Defendants are deposing Plaintiffs' experts Daniel A. Smith, Ph.D., Peyton McCrary, Ph.D., and R. Volney Riser, Ph.D., on July 16, 17, and 20, 2020 respectively.  **Exhibit B.**

Last week, on Wednesday, July 1, 2020, Plaintiffs notified the State Defendants of their intent to serve Fed. R. Civ. P. 30(b)(6) depositions on the Secretary of State and the Montgomery County Board of Registrars and asked about dates for those depositions this week or next week. **Exhibit C.**  The State Defendants responded as follows:

> It should be readily apparent that none of these dates will work and your proposal is unreasonable and beyond the scope of Fed. R. Civ. P. 26(b)(1).  Today is Wednesday, July 1.  Discovery cuts off on Monday, July 20.  Between now and then, we have: a national holiday; a federal, State and county election (which both the Secretary of State's office and the Montgomery County Board of Registrars are involved in); and, six expert depositions.  You have proposed dates of Monday, Tuesday, and Wednesday of next week – July 6, 7, and 8 – and the week after – July 13, 14, and 15.  These are the only work days left in the discovery schedule that do not already have an expert deposition scheduled (and one day that does) *and* are not this week.  While it was necessary for us to backload deposing your experts because your rebuttal reports are due on Thursday, July 16 and discovery closes on Monday, July 20, you have had more than two years during which you could have scheduled Rule 30(b)(6) depositions of the Secretary of State (whose employees you have already deposed for three days) and the Montgomery County Board of Registrars.  Thus, these depositions could have been taken when there would be time to prepare and no negative impact on an on-going election.  As you know, when you noticed the Rule 30(b)(6) deposition of the Alabama Board of Pardons and Paroles, we prepared extensively.  In short, at this point, your proposed discovery is unduly burdensome both due to the belated notice and the ongoing election.

> Please re-think this course of action.  If you insist on proceeding, schedule the depositions for July 13 and 15 (which are the latest proposed dates that do not already include an expert deposition), with the understanding that the State Defendants will seek a protective order to prevent the depositions from going forward and that moving the dates beyond next week will maximize the time the Court has to consider that motion.

**Exhibit D.**   That night, Plaintiffs noticed the Fed. R. Civ. P. 30(b)(6) deposition of the Secretary of State, **Exhibit E,** as well as Fed. R. Civ. P. 30(b)(6) depositions of the Montgomery County Board of Registrars (another State Defendant in this case) and the Mobile County Board of Registrars (a non-party).   They also served notices of five subpoenas for documents, which are in addition to another recent subpoena *duces tecum* to the Administrative Office of Courts (the third in this case) and further written discovery served on the evening of Saturday, June 20, 2020.   Thus, Plaintiffs have engaged in a flurry of discovery activity after more than two years of depositions and written discovery, and when all discovery should be winding down.

Outside the narrow window of this case, there is an election going on, and it is happening in the middle of a worldwide pandemic.   When the Amended Uniform Scheduling Order set the close of discovery for July 20, 2020, the State was planning to hold federal, State, and county primary elections on March 3, 2020 and any necessary runoff elections on March 31, 2020, **Exhibit F** at ¶ 2.   That plan changed with the COVID-19 pandemic.   *Id.* In March, Governor Ivey rescheduled the primary runoff elections to July 14, 2020, which is now a week away.   *Id.* Plaintiffs have noticed the Secretary of State's Fed. R. Civ. P. 30(b)(6) deposition for the next day.   **Exhibit E.**   As set out in the Second Declaration of Clay S. Helms, **Exhibit F,** the Secretary of State's office does not have time to sit for a deposition, much less prepare for one.   Both Helms and the only other person capable of being the Fed. R. Civ. P. 30(b)(6) designee (Ed Packard) are too busy with election activities to prepare and sit for the deposition, and it would take more time to prepare someone else to be the designee than to do it themselves.   **Exhibit F** at ¶¶ 2-17.

## II.    Argument

The Court should grant Secretary Merrill a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(A) forbidding the deposition from going forward.   "The court may, for good cause issue

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court should do so here because the discovery sought through the deposition would be unduly burdensome. Plaintiffs have had more than two years to seek the discovery they believe they need, they have received substantial discovery during that time, and they are now demanding that the Secretary's designee prepare for a Fed. R. Civ. P. 30(b)(6) deposition on an unreasonably, and unjustifiably, abbreviated schedule—and do so in the middle of an election. *See* **Exhibit F.** Moreover, some of the designated topics would be objectionable even without time pressures, and Plaintiffs knew that when they chose to belatedly notice the deposition.

**Topics 2, 5 and 7 are primarily objectionable for reasons of the time considerations set out above.** Topic 2 is "The Secretary's administrative regulations, policies, guidelines, guidance, or other actions related to the implementation of [Ala. Act No. 2017-378]." Secretary Merrill has already provided a sworn interrogatory answer that the "office has neither adopted nor drafted any administrative rules or guidelines relating to Ala. Act No. 2017-378." Doc. 222-9 at 28. Additionally, three employees of the Secretary of State's office sat for lengthy depositions in September 2018, *e.g.,* doc. 146-1 (deposition of John C. Bennett); doc. 146-2 (deposition of Ed Packard).

Topic 5 is "Any educational or informational activity the Secretary has undertaken to inform, educate, or explain the requirements of [Ala. Act No. 2017-378] to the Boards of Registrars, agencies required to conduct voter registration, or the public." Secretary Merrill has already provided a sworn interrogatory answer detailing efforts to educate election officials and the public, doc. 222-9 at 28-30, and, as noted, three of his employees have already sat for lengthy depositions in September 2018. Additionally, the Plaintiffs directed subpoenas for documents to

the Alabama Law Enforcement Agency (ALEA), Alabama Medicaid Agency, and Alabama Department of Human Resources, and they deposed ALEA.  Docs. 156-16 – 156-18.  And, when the State Defendants sought discovery from Plaintiff GBM about voter registration at these agencies and any others, they mostly got back objections, including on grounds that the discovery was unduly burdensome and harassing.  **Exhibits G and H** (Interrogatories 17 through 20)**.**

Topic 7 is "The Secretary's revision of the State mail-in voter registration form with respect to the felony disqualification provision and the Secretary's consideration of any other revisions of the form with respect to the felony disqualification provision."  The revision with respect to the felony disqualification provision was on-going in September 2018 and was addressed during depositions then.

To respond further on Topics 2, 5, and 7 would require gathering and reviewing various documents, and may require consulting persons within the Secretary of State's office, including persons in the Elections Division who are busy preparing for next week's election, **Exhibit F** at ¶¶ 4-12.  When, during the meet-and-confer, the Secretary asked Plaintiffs if they would provide the documents they intend to use in the deposition within 48 hours to facilitate the designee's preparation, they responded that they were open to the idea but could not accomplish that within 48 hours.  Of course, the Secretary would be required to pull all potentially relevant documents on such a schedule to allow any designee to start preparing for a deposition on these topics.  *See* **Exhibit F** at ¶ 12 (explaining that Helms is already working overtime to meet election responsibilities and Packard will be soon if he is not already).  Plaintiffs were also willing to discuss designating some of the prior deposition testimony as the Fed. R. Civ. P. 30(b)(6) testimony but—quite reasonably—had not yet reviewed the depositions of the Secretary's employees to determine what testimony might not need to be repeated now.  Like combing through

documents, such an undertaking would be time intensive, and there is no time to do it on the current schedule.  The fact that these tasks cannot be untaken in the time remaining in the schedule for discovery should be dispositive, given the more than two years Plaintiffs have had to seek the discovery they need.  Plaintiffs' proposed Fed. R. Civ. P. 30(b)(6) deposition would be unduly burdensome, and a protective order should issue.  Fed. R. Civ. P. 26(c)(1).

**Topic 3 is objectionable for reasons of the time considerations set out above and because it does not appear to be relevant.**  Topic 3 is "The Secretary's administrative regulations, policies, guidelines, guidance, or other action relating to ensuring the voter registration of individuals entitled to rights restoration through the Certificate of Eligibility [to Register] to Vote process."  With sufficient time to prepare, this Topic would still be objectionable because no Plaintiff has a Certificate of Eligibility to Register to Vote (CERV), and so it is not apparent why Plaintiffs need discovery on this issue.  Indeed, if any Plaintiff had a CERV, that fact would moot the claims that the Plaintiff actually brings in this litigation, and that very fact scenario has occurred in this litigation, *compare* docs. 156-2 - 156-5 (CERVs) *with* doc. 94 (stipulation of dismissal).  While the Secretary did not specifically raise this objection during the meet-and-confer, he has previously objected to a similar interrogatory on this very ground.  Doc. 222-9 at 37-38.  It is true that Counts 1 and 2 allege discriminatory intent and thus call for a totality of the circumstances analysis, but the Secretary does not believe this analysis is intended to be an invitation for endless fishing.  Topic 3 is thus objectionable and unduly burdensome, and Secretary Merrill's designee should be protected from testifying as to it, both because of the time considerations set out above and because it is not relevant.  Fed. R. Civ. P. 26(c)(1).

**Topic 1 is objectionable for reasons of the time considerations set out above and because it calls for information protected by legislative privilege.**  Topic 1 is "The development

and passage of [Ala. Act No. 2017-378], including its proposal, drafting, revising, and finalization."   This Topic falls squarely within the legislative privilege, which has already been extensively briefed in this case by Rep. David Faulkner and Sen. Cam Ward, who moved to quash subpoenas directed at them for documents and testimony.  Docs. 133, 146, 210.  As Chief Judge Marks recently explained, "The legislative privilege covers actions in the 'proposal, formulation, and passage' or legislation.'" Doc. 212 at 3 (*quoting In re Hubbard*, 803 F. 3d 1298, 1308 (11th Cir. 2015)).  The privilege "'protects against inquiry into acts that occur in the regular course of the legislative process and *into the motivation for those acts.*'" Doc. 212 at 3 (*quoting In re Hubbard*, 803 F.3d at 1310 (emphasis in *In re Hubbard*, other alterations by Chief Judge Marks)). Magistrate Judge Doyle has recognized that "The immunity applies to executive officials and other non-legislators when they are performing a legislative function."  Doc. 199 at 5.  These conclusions are dispositive as to this Topic.

In March 2020, Plaintiffs noticed a deposition of Secretary of State Merrill himself, and the Secretary opened the meet-and-confer process.  In an April 7, 2020 letter that was part of that process, the Secretary argued that he was, in addition to high-government official privilege, entitled to legislative immunity with respect to a proposed topic on his "personal leadership, experience, intent, and communications related to drafts of [Ala. Act No. 2017-378] and the exploratory committee."  **Exhibit I** at 1-2.  He also argued that the discovery was not relevant because the committee was not the final decisionmaker and because Plaintiffs have brought no claim of racially discriminatory intent in the passage of the 2017 law.  *Id.* at 2.  Plaintiffs did not respond to this letter and instead dropped Topic 1 on the Secretary as part of a Fed. R. Civ. P. 30(b)(6) deposition noticed for days away.  The Secretary continues to object.

During the meet-and-confer conversation related to the present filing, Plaintiffs said that they did not believe the privilege extended to the Secretary and that he had waived any privilege. The Secretary disagrees.  He relies on Magistrate Judge Doyle's order and *In re Hubbard* for the proposition that legislative privilege extends to executive officials.  The fact that his employees, John C. Bennett and Ed Packard, have testified as to their recollections of the Exploratory Committee's work undermines Plaintiffs' need for the Secretary's Fed. R. Civ. P. 30(b)(6) testimony now, and does not waive any privilege the Secretary and his office hold.  Moreover, as Plaintiffs frequently note, there were many other people in the room who could testify about what happened at the Exploratory Committee meetings.  Plaintiffs have deposed two of them, Win Johnson, doc. 209-1, and Judge Tim Jolley, doc. 209-2, and they could have, over the past two (plus) years, also reached out to, or deposed, others who are not protected by legislative privilege.

Thus, the Secretary's designee should not be required to testify as to Topic 1, even if timing were not a problem.  If the Secretary's designee were required to testify as to Topic 1, it would require challenging and time-consuming preparation that would go beyond reviewing documents to also trying to trigger fading memories.  Indeed, Ed Packard's deposition reflected there were a lot of items of interest to the Plaintiffs that he did not remember in September 2018, which was closer in time to the underlying events than is today.  *See e.g.,* doc. 146-2 at 226:13-234:2.

Thus, Topic 1 is unduly burdensome and calls for privileged information, and a protective order should issue to prevent the Secretary's designee from having to testify on this Topic. Fed. R. Civ. P. 26(c)(1).

**Topic 6 is objectionable for reasons of the time considerations set out above; additionally, it may call for information protected by legislative privilege and raises concerns about high-government official privilege.**  Topic 6 is "The Secretary's participation in the Voter

Disenfranchisement and Restoration of Rights Exploratory Committee."  It is objectionable because of the general time considerations raised above, as well as for the specific reasons set out as to Topic 1 concerning the particularly time-consuming nature of this Topic and fading memories.  It is also objectionable to the extent it calls for information protected by legislative privilege, as set out in the discussion of Topic 1.  Moreover, Topic 6 is concerning because it broadly focuses on the Secretary's participation in the Exploratory Committee.  During the meet-and-confer, Topic 6 seemed to further broaden to also include the Secretary's office rather than narrow to discrete topics that could be addressed by the designee (communicating with the Secretary) in preparation.  It is hard to see how anyone other than the Secretary himself could be well prepared to answer the questions Plaintiffs have in mind.  Secretary Merrill is a high-ranking government official[1] entitled to protection from deposition unless certain criteria are meet.  Topic 6 must not circumvent that privilege.

"[T]he Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged."  *In re United States,* 985 F.2d 510, 512 (11th Cir. 1993) (*per curiam*).  The D.C. Circuit has held "that top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Id.* (internal

---

[1]     Secretary Merrill is one of Alabama's seven statewide elected constitutional officers.  Ala. Const. art. V, § 114 ("The governor, lieutenant governor, attorney-general, state auditor, *secretary of state*, state treasurer, and commissioner of agriculture and industries shall be elected by the qualified electors of the state at the same time and places appointed for the election of members of the legislature in the year nineteen hundred and two, and in every fourth year thereafter.") (emphasis added).  In that capacity, he administers, and serves as the public face of, an important constitutional office.  *See e.g.,* Office of the Secretary, *available at* https://www.sos.alabama.gov/sos-office (*last visited* July 6, 2020) ("State law gives the Secretary of State more than 1,000 different duties and virtually all of them involve processing and filing documents that are public records.").  Among his duties, "[t]he Secretary of State is the chief elections official in the [S]tate and shall provide uniform guidance for election activities."  Ala. Code § 17-1-3(a).

citations and quotation marks omitted).  And the Fifth Circuit has "cautioned a district court to remain mindful of the fact that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted."  *Id.* (internal citations and quotation marks omitted).  Consistent with these decisions, the Eleventh Circuit agrees that "[b]ecause of the time constraints and multiple responsibilities of high officials, courts discourage parties from calling them as witnesses and require exigent circumstances to justify a request for their testimony."  *Id.* at 513.  Judge Coogler has summarized the law as follows: "A party must demonstrate 'exigent circumstances' or 'special need' to justify deposing a high government official concerning his or her reasons for taking official actions.  Exigency is required before allowing their testimony because '[h]igh ranking government officials have greater duties and time constraints than other witnesses,' and they should be 'protect[ed]... from the constant distraction of testifying in lawsuits.'"  *Greater Birmingham Ministries v. Merrill*, 321 F.R.D. 406, 408 (N.D. Ala. 2017) (internal citations omitted).

Here, to the extent Topic 6 overlaps with Topic 1, it is objectionable for all the reasons Topic 1 is objectional.  To the extent Topic 6 would effectively require the Secretary himself to be deposed, it is further objectionable due to his high-government official privilege, which Plaintiffs should not be able to circumvent through the designation of a topic in the Fed. R. Civ. P. 30(b)(6) process.  Thus, Topic 6 is unduly burdensome and may call for privileged information, and a protective order should issue.  Fed. R. Civ. P. 26(c)(1).

**Finally, Topic 4 is objectionable for reasons of the time considerations set out above and because, frankly, it is simple harassment.**  Topic 4 is "The Secretary's application of [Ala. Act No. 2017-378] to individuals whose convictions predate its enactment."  During the meet-and-confer process, Plaintiffs' counsel confirmed that the question here is, again, the Secretary's legal

assessment that Ala. Act No. 2017-378 does apply to individuals whose convictions predate its enactment.  The parties have had this dispute without resolution before.  In an interrogatory, Plaintiffs demanded that the Secretary "Describe in detail the process by which, and the reasons why, YOU determined that [Ala. Act No. 2017-378] applies retroactively to those with felony convictions pre-dating the passage of [Ala. Act No. 2017-378] and all individuals you consulted in making that determination and their role in the process." The Secretary first objected that the interrogatory called for an interpretation of the law, and then he answered:

> Ala. Act No. 2017-378 applies to elections held within the State of Alabama after its effective date (indeed, the Secretary encouraged the Boards of Registrars to allow persons whose felony convictions were not on the Ala. Act No. 2017-378 list to register to vote even before the effective date so that they would be able to participate in a special federal election for United States Senate that took place shortly after the effective date).  That Ala. Act No. 2017-378 applies to elections held within the State of Alabama after its effective date is so plainly obvious that Plaintiffs' interpretation has, as far as we know, never been raised to this office by anyone else or considered outside the context of addressing this litigation.  That is, no "process" was necessary.

Doc. 222-9 at 36-37.  In his April 2020 letter conferring about the Plaintiffs' intent to depose the Secretary personally, Secretary Merrill similarly argued that the topic was perplexing because it is how Ala. Act No. 2017-378 applies is a question of law which can only be authoritatively answered by the Supreme Court of Alabama and because it is one that does not appear to be relevant to the individual Plaintiffs in this litigation.  **Exhibit I** at 3-4.  Plaintiffs did not respond to the Secretary's concerns that the issue is not properly presented in this case, and Plaintiff GBM has so far declined to answer an interrogatory demanding it describe the claim in Count 16, **Exhibit G** at 9, which is the Count the Secretary raised in his letter, **Exhibit I** at 4.

Topic 4 is unduly burdensome for the reasons of timing set out above, and further is harassment.  A protective order should issue to protect Secretary Merrill from undue burden and annoyance. Fed. R. Civ. P. 26(c)(1).

### III.     Conclusion

In conclusion, Plaintiffs belatedly noticed a Fed. R. Civ. P. 30(b)(6) deposition for the Secretary of State on Wednesday, July 15, 2020, the last work day before the close of discovery which did not already have another deposition scheduled in this case.  That schedule generally does not allow sufficient time to prepare for the deposition.  And, even if two weeks may be sufficient in some cases, it is not in this case given the topics (discussed above) and because Alabama is holding federal, State, and county elections next Tuesday, July 14, 2020 – the day before the noticed deposition.  This change in the election calendar was made by Governor Ivey in March 2020 in response to the COVID-19 pandemic.  Plaintiffs have been on notice for months that the election would coincide with the ending days of discovery, but never mentioned a Fed. R. Civ. P. 30(b)(6) deposition of the Secretary of State until Wednesday.  Plaintiffs then noticed the deposition that night, including topics they knew to be objectionable and which they should have known would require time-consuming preparations.  Under these circumstances, the Court should issue a protective order to prevent the Plaintiffs from taking the deposition of the Secretary's Fed. R. Civ. P. 30(b)(6) designee in order to protect him from undue burden and annoyance.  *See* Fed. R. Civ. P. 26(c)(1)(A).

The Plaintiffs have had more than two years to seek the discovery they believe they need, and they have already received discovery in the form of documents, depositions of three Secretary of State employees, and interrogatory responses.  If the Court nonetheless believes that the Plaintiffs should be granted further discovery, despite their belated demands, the Court should allow discovery to close on July 20, 2020, but provide that *only this one deposition* should proceed on a date agreeable to the parties and no later than August 14, 2020.  As Director Helms explains in his declaration, election responsibilities continue beyond Election Day, there is a special election

scheduled for August 4, 2020, and the Elections Division is already responding to expedited discovery in a time-sensitive case. **Exhibit F** at ¶¶ 3, 10-14.  (There is, of course, no reason why *this* case need be rushed, but for Plaintiffs' delay.)  Any deposition should be limited in time to two hours or less, and limited to Topics 2, 5, and 7.  *Cf.* Fed. R. Civ. P. 26(c)(1)(B) & (D).  Plaintiffs should be required to provide any documents that they will use at the deposition to the Secretary's counsel at least two weeks before any deposition, in order to lessen the time that the Secretary's office would need to spend preparing for the deposition.  *Cf.* Fed. R. Civ. P. 26(c)(1)(B).  Finally, postponing the deposition beyond the discovery cutoff and requiring the Secretary's office prepare for and sit for the deposition would demand alterations to the Amended Uniform Scheduling Order. Dispositive motions and *Daubert* motions are currently due on August 19, 2020.  Doc. 195 at § 2. If the deposition is to go forward, adequate additional time should be provided to allow the Secretary and the other State Defendants to fully brief their dispositive motion and any *Daubert* motions.  That briefing cannot adequately get underway while focused on Plaintiffs' excessive discovery demands.

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/Misty S. Fairbanks Messick
James W. Davis (ASB-4063-I58J)
Winfield J. Sinclair (ASB-1750-S81W)
Misty S. Fairbanks Messick (ASB-1813-T71F)
Brad Chynoweth (ASB-0030-S63K)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
telephone:     334.353.8674
facsimile:     334.353.8400
Jim.Davis@AlabamaAG.gov
Winfield.Sinclair@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brad.Chynoweth@AlabamaAG.gov

**Counsel for the Secretary of State**

**CERTIFICATE OF SERVICE**

        I hereby certify that, on July 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Armand Derfner (aderfner@derfneraltman.com); Danielle Lang (dlang@campaignlegalcenter.org); James U. Blacksher (jblacksher@ns.sympatico.ca); Jessica Ring Amunson (jamunson@jenner.com); J. Gerald Herbert (gherbert@campaignlegalcenter.org); J. Mitch McGuire (jmcguire@mandabusinesslaw.com); Mark P. Gaber (mgaber@campaignlegalcenter.org); Michael E. Stewart (mstewart@jenner.com); Jason P. Hipp (jhipp@jenner.com); Jennifer J. Yun (jyun@jenner.com); Molly Danahy (mdanahy@campaignlegal.org); Jonathan Diaz (jdiaz@campaignlegalcenter.org); Christopher W. Weller (cww@chlaw.com); Marc James Ayers (mayers@bradley.com); and, Julie Strass Harris (Julie.StrausHarris@usdoj.gov).

s/Misty S. Fairbanks Messick
 Of Counsel