IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TREVA THOMPSON, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-783-ECM-SMD |
| ) | |
| JOHN H. MERRILL, *et al.,* ) | |
| ) | |
| Defendants ) | |

**ORDER**

Before the Court is Defendant and Alabama Secretary of State John Merrill's ("Secretary of State") Emergency Motion for Protective Order, (Doc. 227), and Plaintiffs' opposition thereto (Doc. 229). For the reasons that follow, the Secretary of State's Motion is **GRANTED**.

**I.    BACKGROUND**

The Secretary of State challenges Plaintiffs' deposition notice made pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiffs seek to depose the Secretary of State on July 15, 2020, shortly before the July 20, 2020 close of discovery per the Amended Uniform Scheduling Order. (Doc. 227) at 1; (Doc. 195). The parties have already conducted extensive discovery in this case for the last two years when the original district judge on this case entered the first Uniform Scheduling Order. (Doc. 227) at 2; (Doc. 88). In addition to the minimal time the parties have remaining within which to prepare and conduct depositions, the Secretary of State also objects to the general untimeliness of the depositions because the office is preparing to hold the statewide runoff elections for federal, state, and county elections on

July 14, 2020. (Doc. 227) at 4. The election was originally scheduled for March 3, 2020, but in March was rescheduled to July owing to the COVID-19 pandemic. *Id.* The Secretary of State seeks a protective order to stop the deposition, or alternatively, requests limitations on the topics covered and time allowed for the deposition. (Doc. 227) at 1-2.

## II. LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c)(1). "The district court may issue a protective order if 'good cause' is shown, and such an order 'is not subjected to heightened scrutiny.'. . . In addition to requiring good cause, the district court must 'balance the interests of those requesting the order.'" *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 334, 335-36 (11th Cir. 2011) (internal and citations omitted).

## III. DISCUSSION

On each designated topic, the Secretary of State makes an objection that the deposition is an undue burden because of time considerations in both sitting for and preparing for a deposition, particularly in light of the two years of ongoing discovery, the imminent discovery deadline, and the office's duties in administering the upcoming election. (Doc. 227) at 5.  Additionally, the Secretary of State argues that some topics are irrelevant (Doc. 227) at 7, other topics are protected by legislative privilege, (Doc. 227) at 7-9, or high-government official privilege (Doc. 227) at 9-11, and still other topics constitute harassment (Doc. 227) at 11-12.

The undersigned agrees with the Secretary of State that good cause exists to issue a protective order blocking next week's deposition in light of the upcoming election. Asking the Secretary of State to sit for a 30(b)(6) deposition in four-year-old litigation the week before the office prepares to administer a statewide election constitutes an undue burden, especially when the litigants have had two years to finish discovery. The undersigned finds that extraordinary circumstances exist to block the deposition between now and July 20, 2020. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). However, the undersigned declines to determine, at this time, whether the deposition can move forward at a future date if the Court ultimately extends the discovery deadline for purposes of conducting the Secretary of State's deposition.

Because the undersigned finds that Plaintiffs' deposition notice is untimely based on the upcoming statewide election and the current discovery deadline, the undersigned declines to address the Secretary of State's substantive objections to the various deposition topics unless and until Plaintiffs receive an enlargement of the current discovery deadline with respect to the Secretary of State's deposition.

### IV.     CONCLUSION

ACCORDINGLY, for the above-stated reasons, the Secretary of State's Emergency Motion for Protective Order (Doc. 227) is hereby **GRANTED**.

DONE this 8th day of July, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE