IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TREVA THOMPSON, *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:16-cv-783-ECM |
| ) | (wo) |
| JOHN H. MERRILL, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANUM OPINION AND ORDER**

Now pending before the Court is the Defendants' objection to the supplemental expert report of Daniel A. Smith, Ph.D., filed on July 24, 2020. (Doc. 245).

## I.    BACKGROUND and PROCEDURAL HISTORY

In April, 2020, in compliance with the deadlines of the Amended Uniform Scheduling Order, (doc. 195), the Plaintiffs disclosed Daniel A. Smith, Ph.D. ("Smith") as an expert and provided his report. After that disclosure, the Plaintiffs moved for a preliminary injunction, relying in part on Smith's expert report. The Defendants criticized Smith's report in their opposition to the motion for preliminary injunction, arguing that his calculations inflated the amount of court-ordered monies owed by felons. (Doc. 222 at 23, n.15).

On June 22, 2020, the Defendants noticed Smith's deposition for July 16, 2020. (Doc. 245-1). On July 13, 2020, the Plaintiffs disclosed a supplemental report by Smith. (Doc. 245-2). The supplemental report states that it is offered as a response to the Defendants' criticism of Smith's initial report. (Doc. 245-3). On July 16, 2020, the

Defendants deposed Smith and during that deposition questioned him about the supplemental report. (Doc. 248-1).

The deadline for the Plaintiffs to provide expert rebuttal was July 16, 2020, and the deadline to complete discovery in this case was July 20, 2020. (Doc. 195).

The Defendants filed the pending objection to Smith's supplemental report on July 24, 2020.  The Defendants have not moved to exclude the report. (Doc. 245 at 4, n.4).  The objection is filed pursuant to the Uniform Scheduling Order which provides that unless an objection is filed within 14 days after disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with Rule 26. (Doc. 195 at 3).  Although the Defendants do not move to exclude Smith's supplemental report at this stage of the proceedings, because they have put the timeliness of the report at issue with their objection, the Court will evaluate the timeliness objection as a ground for exclusion under Rule 37.

## II.   STANDARD OF REVIEW

Parties must disclose their testifying experts "at the times and in the sequence that the court orders." FED.R.CIV.P. 26(a)(2)(D).  An expert report must include "a complete statement of all opinions the witness will express and the basis and reasons for them." FED.R.CIV.P. 26(a)(2)(B)(i).  Rule 26(e) imposes a duty on an expert to supplement his report "in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED.R.CIV.P.  26(e)(1)(A).

2

If a party violates Rule 26(a) or (e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c)(1). A district court's exclusion of expert reports is reviewed for abuse of discretion. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007).

### III.   DISCUSSION

In objecting to Smith's supplemental expert report, the Defendants acknowledge that the *Federal Rules of Civil Procedure* impose a duty to supplement expert reports in certain circumstances. It is the Defendants' position, however, that the substance of Smith's supplemental report should have been initially disclosed, so the disclosure is untimely. They contend that Smith's supplemental expert report is not a proper rebuttal report because, although they criticized Smith's report in their brief, they "did not include an expert on the subjects considered by Smith, thereby denying him an opportunity to bolster his flawed analysis in a rebuttal report." (Doc. 245 at 3). The Defendants point out that "[c]ourts have broad discretion[] to exclude untimely expert testimony—even when they are designated as 'supplemental reports.'" *Guevarav v. NCL (Bahama) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

The Plaintiffs argue in response that the Defendants ought not be allowed to criticize an expert report in a brief and avoid addressing it in an expert report, thereby precluding the Plaintiffs from timely rebutting those criticisms. In his supplemental report, Smith explains that he did not disagree with the Defendants' criticism of his original calculations, but that the criticism is "inconsequential," because even using the alternative methodology,

3

the data still supports his original conclusion. (Doc. 245-3 at 4, 17). The Plaintiffs further contend that there was no harm to the Defendants even if the expert report was untimely disclosed because discovery had not yet closed at the time of its disclosure, and the Defendants asked Smith about the supplemental report in his deposition.

The Court first notes that Smith's supplemental report was disclosed on July 13, 2020, before the deadline for disclosing rebuttal reports, significantly distinguishing this case from the *Guevara* decision relied on by the Defendants. *See* 920 F.3d at 718 (stating that the "district court set deadlines for Guevara to produce initial and rebuttal reports from his experts. But Guevara produced Dr. Zollo's two supplemental reports after these deadlines.").

Cases which have examined the supplementation of expert reports have concluded that supplementation is allowed where the disclosing party learns that its information is incorrect or incomplete. *See, e.g., Goodbys Creek, LLC v. Arch Ins. Co*., 2009 WL 1139575, at *2 (M.D. Fla. 2009). "Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading." *Id.* Supplementation is appropriate "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Companhia Energetica Potiguar v. Caterpillar Inc*., 2016 WL 3102225, at *6 (S.D. Fla. 2016). Smith's supplemental report, with its recalculation based on the Defendants' identification of inaccuracies in the original calculation, fits within that reasoning and, therefore, is not improper supplementation.

Even if the report was untimely disclosed, however, the Court finds a lack of sufficient prejudice to support its exclusion. *See Bosch v. Title Max, Inc.,* 2004 WL 5238128, at *4 (N.D. Ala. 2004)(stating, "[f]ailure to disclose is considered 'harmless' where there is no substantial prejudice to the party entitled to receive the disclosure."); *see also Gunter v. Publix Super Markets*, *Inc*., 2017 WL 2903179, at *3 (M.D. Ala.)(in determining whether to allow an untimely expert report under Rule 37(c)(1), considering, among other factors, the unfair prejudice or surprise of the opposing party), *report and recommendation adopted*, 2017 WL 2957942 (M.D. Ala. 2017). The Defendants were provided Smith's report more than two days before Smith's deposition and asked Smith about that report. *Cf. Guevara*, 920 F.3d at 719 (finding harm where expert was disclosed "on the eve" the deposition and expert left his deposition after only three hours without the prior agreement of the parties). Therefore, even if the disclosure of Smith's supplemental expert report was untimely, the disclosure was harmless, and the report is not due to be excluded. FED.R.CIV.P. 37(c)(1).

## IV.   CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Objection (doc. 245) is OVERRULED.

DONE this 17th day of August, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE