IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Treva Thompson, Timothy Lanier, Pamela King, Darius Gamble, and Greater Birmingham Ministries,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>John H. Merrill, in his official capacity as Secretary of State, James Snipes, III, in his official capacity as Chair of the Montgomery County Board of Registrars, and Leigh Gwathney, in her official capacity as Chair of the Board of Pardons and Paroles,  )<br><br>Defendants.  ) | Civil Action No.<br>2:16-cv-783-ECM-SMD |

### STATE DEFENDANTS' MOTION TO EXTEND TRIAL DATE AND ALL ASSOCIATED DEADLINES

The parties have conferred about the current trial schedule and trial deadlines. Both parties agree that a delay of at least one month (from February 2021 to March 2021) is appropriate to ensure adequate and efficient trial preparation. The State Defendants, for the reasons set out below, move the Court for at least a one-month delay in the trial date and associated trial deadlines. The Plaintiffs are agreeable to this delay. However, Plaintiffs have serious concerns about proceeding with an in-person trial in February or March 2021 given the ongoing pandemic and current expectations for a vaccine. Thus, if the Court wishes to proceed with the trial in person, the parties would like to have a status conference to set a new trial date and, thus, the State Defendants alternatively move for a status conference.

1

Trial in this matter is currently set for February 1, 2021, doc. 195 at § 1, and the first associated trial deadlines fall on December 10, 2020, shortly after the Thanksgiving holiday. The State Defendants believe that a delay of at least one month is appropriate for the following reasons:

1. In early September 2020, in a lengthy filing, the State Defendants moved for summary judgment as to each of the eight claims pending against them, docs. 257 & 261, while the Plaintiffs moved for summary judgment as to one claim, doc. 260. Each side filed one *Daubert* motion. Docs. 258 & 259. The *Daubert* motions were fully briefed in mid-October and the exhaustive dispositive motion briefing was finally completed in late October, less than one month ago.

2. From the State Defendants' perspective, the witnesses, exhibits, and deposition designations needed to proceed to trial will vary greatly depending on which claims are being tried. For instance, Counts 1 and 2 allege that Alabama's current constitutional provision disenfranchising those convicted of felonies of moral turpitude is intentionally racially discriminatory. The State Defendants would expect to call, *inter alia*, Karen Owen, Ph.D., and David Beito, Ph.D., in defense of this claim, and have collected many documents related to constitutional revision efforts that they may introduce. Neither these expert witness nor related evidence are expected to have much, if any, application to the other claims. As another example, Count 13 alleges wealth discrimination in violation of the Equal Protection Clause. Here, the State Defendants might call Quinten Kidd, Ph.D. and there exist documents and testimony concerning the Plaintiffs' court-ordered monies due and Plaintiffs' financial situations. Neither Dr. Kidd's testimony nor the financial records are expected to have much, if any, application to the other claims. Indeed, Dr. Kidd's testimony is defensive in nature in that it concerns severability; the testimony was not even submitted in support of the State Defendants' dispositive motion, which

says quite a lot about its lack of applicability to other claims (as the State Defendants currently perceive the case).

3. The reality that the different claims call for different defenses has significant practical implications. Preparing for trial at this stage—before ruling on the dispositive motions—requires the parties to prepare on *all* claims. If any claims are subsequently resolved on summary judgment, then time and resources invested in this effort may not have been well used. Moreover, if any claims are resolved by summary judgment, it may be necessary to revisit the work done to date to eliminate those witnesses, exhibits, and deposition designations no longer needed, so that the parties—and the Court—have a fair understanding of what is to be tried.

4. Further, it is likely that the State Defendants would benefit from having the Court's analysis as to why trial is needed on any claims as they prepare for that trial. The State Defendants believe all claims should be resolved in their favor on the papers. If the Court disagrees, its contrary analysis may provide valuable insights to the State Defendants in determining which witnesses, exhibits, and deposition testimony should be brought to bear in litigating of any claims proceeding to trial.

Accordingly, both parties agree that a delay of at least one month is appropriate to ensure adequate and efficient trial preparation, and the State Defendants move the Court for at least a one-month delay in the trial date and associated trial deadlines. In the event that the trial would be held in person rather than remotely, the State Defendants alternatively move the Court for a status conference to set a new trial date.

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/Misty S. Fairbanks Messick
James W. Davis (ASB-4063-I58J)
Winfield J. Sinclair (ASB-1750-S81W)
Misty S. Fairbanks Messick (ASB-1813-T71F)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
telephone:    334.353.8674
facsimile:    334.353.8400
Jim.Davis@AlabamaAG.gov
Winfield.Sinclair@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov

*Counsel for the State Defendants*

### CERTIFICATE OF SERVICE

    I hereby certify that, on November 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Armand Derfner (aderfner@derfneraltman.com); Danielle Lang (dlang@campaignlegalcenter.org); James U. Blacksher (jblacksher@ns.sympatico.ca); Jessica Ring Amunson (jamunson@jenner.com); J. Gerald Herbert (gherbert@campaignlegalcenter.org); J. Mitch McGuire (jmcguire@mandabusinesslaw.com); Mark P. Gaber (mgaber@campaignlegalcenter.org); Michael E. Stewart (mstewart@jenner.com); Jason P. Hipp (jhipp@jenner.com); Molly Danahy (mdanahy@campaignlegal.org); Jonathan Diaz (jdiaz@campaignlegalcenter.org); Melissa Takara Fedornak (mfedornak@jenner.com); and, Julie Strass Harris (Julie.StrausHarris@usdoj.gov).

s/Misty S. Fairbanks Messick
 Of Counsel